PEOPLE v. BASS.

1. CRIMINAL LAW—ILLEGAL SEARCH AND SEIZURE—WITHIN DISCRETION OF JUDGE TO PERMIT MOTION TO SUPPRESS WHERE FACT OF ILLEGAL SEARCH BROUGHT OUT ON TRIAL.

Where, in a criminal prosecution, defendant's counsel, during the trial, learned that evidence had been obtained by a search of defendant's room without a search warrant, it was within the discretion of the trial judge to then send the jury out, permit defendant to make a motion to suppress, hear the testimony on the motion, and determine it, and the Supreme Court should reverse if there was an abuse of discretion.[1]

2. SAME—WHERE DEFENDANT HAD KNOWLEDGE OF ILLEGAL SEARCH BEFORE TRIAL REFUSAL OF MOTION TO SUPPRESS BECAUSE NOT MADE PREVIOUS TO TRIAL NOT ABUSE OF DISCRETION.

Where, the day following a search of his room without a search warrant, defendant was informed thereof, it was his duty to inform his attorney, and where he neglected to do so, and his attorney first learned of the illegal search when the fact was brought out on the trial, refusal of the

[1]Criminal Law, 16 C. J. § 1110 (Anno); 17 C. J. § 3581 (Anno).

trial judge to then grant a motion to suppress, on the
ground that it should have been made previous to the
trial, was not an abuse of discretion.[2]

BIRD, C. J., and CLARK and McDONALD, JJ., dissenting.

Exceptions before judgment from Kalamazoo;
Weimer (George V.), J. Submitted April 16, 1926.
(Docket No. 154.) Decided July 22, 1926.

Mike Bass was convicted of an attempt to rob, while
armed with a dangerous weapon. Affirmed.

*Harry C. Howard,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *LeRoy
H. Bibby,* Prosecuting Attorney, for the people.

BIRD, C. J. (*dissenting*). Mike Bass was charged
in the Kalamazoo circuit court with attempted robbery,
he being at the time armed with a dangerous weapon.
He was convicted, and he reviews the proceedings in
this court on exceptions before sentence. The people
showed, in substance, that at about midnight on the
29th of August, 1925, defendant met one Fred
McGovern in a deserted locality of Kalamazoo, pulled
a gun on him, at the same time saying "stick 'em up."
McGovern grabbed him and got the gun away from
him. After some further tussle McGovern left and
reported the assault to the police, leaving with them a
description of his assailant. Within a short time de-
fendant was arrested and lodged in jail. He denied
that he was the assailant, and the bulk of the testimony
bore upon the question of identification. It was
learned that his home was in Battle Creek, and the
following day Kalamazoo officers went to Battle Creek,
and in company with officers of that city they pro-
ceeded to defendant's room and opened his trunk and
found therein a leather holster, which fitted the gun

[2]Criminal Law, 16 C. J. § 1110 (Anno).

which it was claimed he used on the night of the assault, also cartridges which fitted the gun. These were offered in evidence. It appeared in the testimony that the officers making the search had no search warrant. When these facts were disclosed defendant's counsel stated that he was taken by surprise and objected to the evidence on the ground that the articles had been obtained unlawfully. The trial court then permitted the people to show that defendant was informed the day following the trip to Battle Creek, that the articles offered were exhibited to him and he was informed that they found them in his trunk in his room at Battle Creek. In view of this testimony, the trial court was of the opinion that defendant should have made the motion, under the rule, to suppress the proffered evidence, before trial. The question whether the trial court was in error in admitting the evidence is the principal question in the case.

This court is committed to the rule that where defendant in a criminal case claims that his property has been seized unlawfully, and, therefore, cannot be used as evidence against him, he must move to suppress the evidence before trial; that the trial court will not pause in the trial of a case to determine whether the proffered evidence has been unlawfully obtained. *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505). Since this rule was announced it has been adhered to in subsequent cases, and it was held in *People* v. *Vulje,* 223 Mich. 656, that the motion to suppress must be a four-day notice, under the rule.

The instant case presents a somewhat different state of facts than the former cases. Defendant's counsel had no knowledge of the search of defendant's trunk at his home until the trial was in progress. As soon as the fact appeared in evidence he makes an objection to the admission of the evidence. He is reminded by the prosecutor and trial court that he should have

made the motion before trial. Tested by the rule of reason this is no answer at all to defendant's objection. Counsel did not know that an unlawful search had been made. As soon as he learned of it he made timely objection. He certainly could not move until he learned of it. No court ought to require one to perform an act to protect his constitutional rights before he knows, or ought to know, the necessity for it. But it is said the defendant himself knew of the seizure. The articles seized were exhibited to defendant the following morning and he was informed that they were taken from his trunk in Battle Creek. He was not informed that they were unlawfully seized, neither was he informed that they were seized without a search warrant. Defendant was not obliged to assume that the officers violated the law in seizing his property. He had a right to assume that the officers had secured his property lawfully. Even with this testimony it appears defendant himself was as ignorant of the unlawful seizure as his counsel was. Neither knew the property had been seized without a search warrant. While I think the rule in the *Marxhausen Case* should be adhered to, I think an exception should be made to that rule where defendant first learns of the unlawful seizure of his effects from the testimony given upon the trial. Without this exception the rule in the *Marxhausen Case* unjustly deprives a defendant of his constitutional rights.

A case recently decided by the Supreme Court of the United States is interesting on this question. Defendant was arrested and his home was searched without a search warrant. Until the trial he was ignorant of the fact that his house had been searched and cocaine found therein. The cocaine claimed to have been found was offered in evidence and admitted over defendant's objection. The court said, in part:

"The government contends that even if the search and seizure were unlawful, the evidence was admissible

because no application on behalf of defendant was made to the court for the return of the can of cocaine. The reason for such application, where required, is that the court will not pause in a criminal case to determine collateral issues as to how the evidence was obtained. Citing cases. But in this case, the facts disclosing that the search and seizure violated the 4th Amendment were not in controversy. They were shown by the examination of the witness called to give the evidence. There was no search warrant; and from the first, the position of the government has been that none was necessary. In substance, Frank Agnello testified that he never had possession of the can of cocaine, and never saw it until it was produced in court. There is nothing to show that, in advance of its offer in evidence, he knew that the government claimed it had searched his house and found cocaine there, or that the prosecutor intended to introduce evidence of any search or seizure. * * * Where, by uncontroverted facts, it appears that a search and seizure were made in violation of the 4th Amendment, there is no reason why one whose rights have been so violated, and who is sought to be incriminated by evidence so obtained, may not invoke protection of the 5th Amendment immediately, and without any application for the return of the thing seized. 'A rule of practice must not be allowed for any technical reason to prevail over a constitutional right.' *Gouled* v. *United States,* 255 U. S. 298, 313 (41 Sup. Ct. 261). * * * The admission of evidence obtained by the search and seizure was error, and prejudicial to the substantial rights of Frank Agnello. The judgment against him must be set aside and a new trial awarded." *Agnello* v. *United States,* U. S. Adv. Ops. 1925, 26, p. 1.

We have examined the other assignments of error but find no reversible error in them.

For the error pointed out the verdict should be set aside and a new trial ordered.

CLARK and McDONALD, JJ., concurred with BIRD, C. J.

Fellows, J.    I am unable to concur in the result
reached by the Chief Justice.    I am not persuaded
that the facts appearing on this record justify the in-
grafting of an exception on the rule announced in
*People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R.
1505), and consistently followed by this court since.
Defendant's counsel sought to raise the question on
the trial but at the same time recognized the holdings
of this court on the question of practice and asked
permission to then make the motion to suppress.    In
my judgment the trial judge had the power and it
was within his discretion under section 2, Circuit
Court Rule No. 15, to then send the jury out, permit
the defendant to make the motion to suppress, hear
the testimony on the motion and determine it in the
absence of the jury.    If there was an abuse of such
discretion this court should reverse, but I am not
persuaded that the trial judge in the instant case
abused his discretion, in view of the fact that defend-
ant himself knew the day following the search that
it had been made and that the officers then had the
articles in their possession which were introduced in
evidence on the trial.    Knowing that the officers had
made the search and had the evidence secured thereby
in their possession, it was the duty of defendant to
so inform his attorney.    This duty did not rest on the
officers.    In the *Agnello Case* cited by my Brother,
the defendant Frank Agnello, whose conviction was re-
versed, had no knowledge of the search of his room or
that the officers possessed the cocaine until it was
produced on the trial on his cross-examination.    It
is possible that later Federal decisions have somewhat
modified the holdings up to the time the *Marxhausen
Case* was written, but no Federal question is here in-
volved.    We are dealing with the provisions of the
Michigan Constitution.    I have been and am now
steadfast in protecting the individual from unreason-

235—Mich.—38.

able and unlawful search, in his rights secured by the Constitution, but this court has mapped out an orderly procedure for the protection of those rights.    That procedure prevents the introduction upon the trial of collateral issues and at the same time furnishes ample protection to the defendant.    I perceive no reason to ingraft upon it exceptions which weaken or modify it.    I think the conviction should be affirmed.

SHARPE, SNOW, STEERE, and WIEST, JJ., concurred with FELLOWS, J.