PEOPLE *v.* HEIBEL.

1. Searches and Seizures—Motion to Suppress.

   The illegality of seizure of evidence where known before the trial, must first be raised by a motion to suppress the evidence, timely made.

2. Same—Collateral Matter to Trial.

   The legality or illegality of a search and seizure is a collateral matter and a court will not turn aside from the trial of a criminal case to consider such matter.

3. Same—Suppression of Evidence—Illegality of Seizure a Collateral Matter to Trial.

   While a court will not pause during the trial of a criminal case to determine the collateral question of whether the prosecution became lawfully possessed of articles, admissible under the general rules governing the admissibility of proof, but claimed by the defendant for the first time at the trial to have been unlawfully seized, where it is made to appear before the trial that the articles have been unlawfully seized from the defendant in violation of his constitutional rights and without any search warrant at all, the trial court must order return of articles unlawfully taken.

4. Criminal Law—Suppression of Illegally Seized Evidence.

   A defendant in prosecution for performance of an illegal operation on a pregnant woman, who had knowledge prior to the trial of a claimed illegal search and seizure of instruments usable for such purpose and who had made no motion to suppress such evidence, could not at the trial for the first time raise the question of the unlawfulness of the seizure and keep the evidence seized out of the case (Act No. 328, § 14, Pub. Acts 1931).

5. Same—Illegal Operation on a Pregnant Woman—Sufficiency of Evidence.

   In prosecution for performing an illegal operation on a pregnant woman, testimony *held*, to leave no doubt as to defendant's guilt (Act No. 328, § 14, Pub. Acts 1931).

Appeal from Superior Court for the City of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 15, 1943. (Docket No. 88, Calendar No. 42,236.) Decided May 18, 1943. Rehearing denied June 30, 1943.

Catherine Heibel was convicted of performing an illegal operation upon a pregnant woman with intent to procure a miscarriage. Affirmed.

*Roman F. Glocheski* (*Willard McIntyre,* of counsel), for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Menso R. Bolt,* Prosecuting Attorney, and *Arnold R. Levandoski,* Assistant Prosecuting Attorney, for the people.

NORTH, J. The defendant herein was charged with performing an illegal operation on a pregnant woman, contrary to Act No. 328, chap. 3, § 14, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–14, Stat. Ann. § 28.204). Upon trial by jury, defendant was convicted and later sentenced. The case is appealed to this court principally on the grounds that certain articles were obtained from the defendant's home by an illegal search and seizure and at the trial were erroneously admitted as evidence.

The record shows that upon being informed of the purported crime, four police officers were sent to defendant's home. Two of the officers accompanied her to the police headquarters for questioning and two of the officers remained in her house. After

some time the officers remaining at the house received a telephone call from the chief of detectives directing them to search the house for instruments used in performing abortions. The officers searched the house, and in the kitchen found certain surgical instruments. The officers also found and took away with them a gun belonging to defendant's husband. Later a search warrant was issued, but at the time of the search the officers did not have a search warrant. The search occurred on July 23, 1942. On October 22, 1942, the defendant's husband, Joseph Heibel, who was not a party to the cause, filed a motion to suppress the evidence found in the above-described search. The trial was held on October 27, 1942. Over defendant's objections made at the trial, the evidence was admitted.

The record shows that the motion to suppress evidence was made on behalf of Joseph Heibel, husband of defendant. He had previously been convicted of a like offense, and this record indicates he was fearful he might be prosecuted incident to the abortion charged in this case. There was no such motion made on behalf of the defendant. The record is clear that the motion made was intended to be on the behalf of Joseph Heibel only. We quote a pertinent paragraph of the record, viz:

"*Mr. Glocheski:* (*Interrupting*) Your honor, pardon me, if Mr. Levandoski is not going to use this against Mr. Heibel, why then of course, I am not going to press this motion. All we want is the return of our goods, but if he is going to use it, then of course I shall object to the use of it on that ground."

The rule is well established that the illegality of seizure of evidence, where such illegality is known before the trial, must first be raised by a motion

to suppress the evidence, timely made. The legality or illegality of the search and seizure is a collateral matter and the court will not turn aside from the trial of the case to consider such a collateral matter.

. "From this consideration of these cases (previously cited) it is obvious that the rule underlying them is that when defendant in a criminal case for the first time upon the trial objects to the admission in evidence of articles taken by unlawful search and seizure, and they are admissible under general rules governing the admissibility of proof, the court will not pause in the trial of the case to determine the collateral question of whether the prosecution became lawfully possessed of such articles; but that where it is made to appear before the trial that articles have been taken from the possession of the defendant in violation of his constitutional rights and by unlawful search and seizure and without any search warrant at all, that it then becomes the duty of the trial court to order the return to the defendant of the articles thus unlawfully taken." *People* v. *Marxhausen,* 204 Mich. 559, 573 (3 A. L. R. 1505).

"It is true that defendant could not at the trial for the first time raise the question of the unlawfulness of the seizure and keep the evidence seized out of the case. *People* v. *Campbell,* 160 Mich. 108 (34 L. R. A. [N. S.] 58, 136 Am. St. Rep. 417); *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505); *People* v. *Miller,* 217 Mich. 635. It was, therefore, not necessary in this case for the prosecution to justify the seizure under a valid warrant. The trial court need not stop the course of the case to inquire how evidence comes to the court." *People* v. *Perrin,* 223 Mich. 132.

Although defendant had knowledge prior to the trial of the claimed illegal search and seizure, no motion to suppress was made in her behalf. Under

these circumstances, admission of the evidence was not error. The testimony leaves no doubt as to defendant's guilt, and her conviction and sentence are affirmed.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.