## PEOPLE v. FERGUSON.

1. Searches and Seizures—Motion to Suppress.

    A defendant with knowledge of facts constituting an alleged illegal search and seizure before trial has the responsibility of communicating same to his attorney who then has the responsibility of moving to suppress in advance of trial.

2. Same—Collateral Matter—Discretion of Court.

    The legality or illegality of a search and seizure is a collateral matter and whether a court will turn aside from the trial of a criminal case to consider such matter is within the sound discretion of the trial court.

3. Same—Motion to Suppress—Discretion of Court.

    Whether or not a trial court's denial of motion to suppress evidence, made for the first time during the course of a trial, constitutes an abuse of discretion is dependent upon the circumstances of the case.

4. Same—Motion to Suppress.

    The burden of asserting and proving facts constituting an illegal search and seizure is upon the defendant moving to suppress the evidence, and where such burden is not sustained, the motion should be denied.

5. Criminal Law—Search Without Warrant—Motion to Suppress—Discretion of Court.

    Denial of defense counsel's motion to suppress evidence, made when prosecutor sought to present pistol in evidence in prosecution for robbery armed held, not an abuse of discretion, where the gun which had been taken from defendant's

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 20 Am Jur, Evidence § 396.
    Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure. 50 ALR2d 531.
[6] 20 Am Jur, Evidence § 493.

apartment without a warrant, had not been presented at the preliminary examination, but defendant had been identified as the gun-wielding robber, and after he was bound over for trial, the prosecutor filed an information describing the weapon and identifying its serial number, and defendant's court-appointed counsel, who did not allege lack of knowledge on part of the defendant of the facts surrounding the alleged illegal search and seizure, did not move to suppress before the trial some 6 weeks after appointment, the defendant not having sustained his burden of proof of lack of knowledge of such gun (CL 1948, § 750.529).

6. SAME—CONFESSION OF ACCOMPLICE.

Rule that confession will be rejected when defendant is illegally detained is not extended to cover the confession of an accomplice inculpating defendant in robbery armed, where there is nothing of record to show the accomplice was illegally detained, or, if so, that it was done for the purpose of extracting a confession (CL 1948, § 750.529).

Appeal from Genesee; Gadola (Paul V.) and Parker (Donn D.), JJ. Submitted November 4, 1964. (Calendar No. 51, Docket No. 50,146.) Decided June 7, 1965.

Donald Ferguson was convicted of robbery armed. Motion to set aside verdict and sentence and for leave to file delayed motion for new trial denied. Affirmed.

*Frank J. Kelley,* Attorney General, *James R. Ramsey,* Acting Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Richard J. Ruhala,* Assistant Prosecuting Attorney, for the people.

*Charles Campbell,* for defendant.

*Amicus Curiae:*

*Rolland R. O'Hare, Erwin Ellmann,* and *James P. Kurtz,* for American Civil Liberties Union of Michigan.

Smith, J. Defendant, on January 26, 1956, was jury-convicted of robbery armed.[1] By leave granted, defendant is here on appeal from an order denying his motion for leave to file a delayed motion for new trial and other relief.

Defendant argues 2 points: first, that the fruit of an illegal search and seizure (automatic pistol) was erroneously admitted into evidence although no motion to suppress was made before trial; and, second, that the testimony of an accomplice who confessed during a period of alleged illegal detention should have been excluded at defendant's trial. The brief *amicus,* in general support of defendant's first contention, phrases the question in this manner: "Was it proper for the trial court, on the ground that a motion to suppress had not been filed prior to the trial, to allow the introduction of a gun into evidence over defense counsel's objection that it had been illegally seized, where defendant had been unrepresented by counsel at the examination in which the gun was not offered in evidence?" By way of reply, the prosecuting attorney rejects the arguments of defendant and of the *amicus curiae,* adding that the search and seizure was not illegal.

The first question is whether the court in defendant's 1956 trial should have granted defendant's motion to suppress, under the circumstances. Two men, one armed with a pistol, robbed a saloon employee of money sometime after midnight on the morning of September 26, 1955, in the city of Flint. Two suspects, one of whom was defendant, were arrested in the apartment of a third person about 8 a.m. that same morning.

An officer testified that he was admitted to the apartment by the third party who was a tenant from whom permission to search was obtained, there

---

[1] See CL 1948, § 750.529 (Stat Ann 1954 Rev § 28.797).

being no warrant. A .38 caliber Colt automatic pistol was found in the apartment during the search. Witnesses testified that defendant wielded the pistol during the robbery. The pistol was not introduced at the preliminary examination in municipal court, although defendant was identified as the gun-wielding robber. Defendant was not represented by counsel at the examination. After the binding over to circuit court, the prosecuting attorney filed an information describing the weapon as "a .38 caliber Colt automatic pistol, serial No. 36144." Defense counsel was appointed in circuit court on December 15, 1955, and the case was tried January 26, 1956. At trial, defense counsel made the following motion when the prosecutor offered the pistol into evidence:

"I object to this being offered into evidence. There has been no showing of a search warrant,— or it was admittedly taken from the home of the defendant without a search warrant. I object."

The trial judge treated it as a motion to suppress on account of an alleged illegal search and seizure. He denied the motion, ruling that defendant's failure to move in advance of trial served as a waiver. As to the illegal search and seizure question, we limit review to the question of whether, under the circumstances, the trial court should have entertained defendant's motion to suppress first made during trial of the case.

It is said in *People* v. *Heibel,* 305 Mich 710, 712, 713:

"The rule is well established that the illegality of seizure of evidence, where such illegality is known before trial, must first be raised by a motion to suppress the evidence, timely made. The legality or illegality of the search and seizure is a collateral matter and the court will not turn aside from the

trial of the case to consider such a collateral matter."

It has been held, however, in *People* v. *Bass,* 235 Mich 588, 593, that under a court rule the trial court had discretion to permit a defendant to move to suppress during trial, but in that case the trial court's refusal was held not an abuse of discretion where defendant knew of the search the day after officers searched his home and seized certain evidence. This Court said: "Knowing that the officers had made the search and had the evidence secured thereby in their possession, it was the duty of defendant to so inform his attorney."

Although the discretionary feature of the rule came into being on application of a court rule, it is consonant with the general application of the law and is expressly adopted as such. In restatement, the rule is as quoted above from *People* v. *Heibel, supra,* to which may be added: "except under special circumstances the trial court may, within its sound discretion, entertain at trial a motion to suppress." We dare not attempt to define "special circumstances" for by inclusion in the definition we may be construed as excluding other valid circumstances. However, we cite this situation as an example: where facts constituting the illegality are not known before trial, it is consonant with the general rule for the trial judge to exercise his discretion and turn aside from the trial of the case and consider such a motion. This does not mean that defendant must have had an awareness of the law, but that he had knowledge of factual circumstances constituting the illegal seizure. See *Isaacs* v. *United States* (CA 10, 1960), 283 F2d 587, for application of similar principle under Rule 41(e) of the Federal rules of criminal procedure.[2] In such a situation, if the fac-

---

[2] That Rule 41(e) is a restatement of existing Federal law and

tual circumstances are known to defendant in advance of trial, he is responsible for communicating them to his lawyer immediately and his lawyer, in turn, is responsible for making a proper motion in advance of trial. *People* v. *Bass, supra.* If, however, factual circumstances are not known sufficiently in advance of trial to permit such a motion then the trial court may exercise its discretion and consider the motion at trial.

In the instant case, we do not find that the trial court abused its discretion by refusing defense counsel's motion to suppress under the circumstances before him at the trial. There was no claim either then or now that defendant did not know of the factual circumstances surrounding the alleged illegal seizure. In truth, all facts seem to point to the conclusion that defendant was indeed aware. The warrant accused defendant of being armed with "a gun" at the time of robbery. At the preliminary examination, he was identified as the gun wielder; in circuit court, the information not only made the same accusation but specifically identified the weapon by manufacture, model, and serial number. At the very least, we may say that defendant must have been keenly aware by the time of his arraignment in circuit court that he was accused of being armed with a weapon which had been completely and minutely identified. Having been so accused and the alleged weapon so identified and directly tied to defendant, the suggestion is very strong that he knew how the police secured the weapon.[3] All of this

---

practice, with certain minor exceptions, see Notes of Advisory Committee on Rules, Rule 41(e), Federal rules of criminal procedure, 18 USCA, and cases cited thereunder.

[3] Corroboration of a kind is found in the affidavit of one Russell Haines, tenant in the searched apartment in 1955. His affidavit, made November 28, 1961, was filed in support of defendant's present motion. Deponent says the police "began searching the apartment" while Ferguson (defendant) "was getting dressed."

would go to the question only of whether factual
circumstances surrounding the alleged illegal seizure
were known to defendant prior to trial. As to this
point, of course, we return to the crucial factor that
neither defendant nor his counsel asserted at trial
that defendant had no knowledge of the factual cir-
cumstances. The burden of asserting and proving
was upon the motioner. *People* v. *Robinson*, 344
Mich 353, 364. Defendant motioner did not sustain
his burden. In addition, it is plain that between
the appointment date of defense counsel (December
15, 1955) and the trial date (January 26, 1956), time
was ample in which to bring a pretrial motion to
suppress. We conclude, therefore, that the trial
judge did not abuse his discretion under circum-
stances therein presented.

Defendant's second argument is that the confes-
sion of his accomplice, Dolphus Miller, was obtained
as a direct result of illegal detention and that such
confession should not have been admitted into evi-
dence at defendant's trial. Defendant says the rule
in *People* v. *Hamilton*, 359 Mich 410, should be ex-
tended to include confessional testimony of an
accomplice. The record shows that Miller was rep-
resented by counsel at both the preliminary exam-
ination and trial of defendant where Miller appeared
as a witness for the people. In both proceedings,
Miller testified as to his guilt and also that of de-
fendant. At the preliminary examination, Miller
was offered to defendant for cross-examination but
the offer was declined. At trial, defendant's counsel
cross-examined Miller.

In the *Hamilton Case,* where a defendant was not
arraigned without unnecessary delay, according to
a relevant statute,[4] his detention was unlawful, and

_____

[4] Const 1908, art 2, § 16, now in Const 1963, art 1, § 17. CL 1948,
§ 764.13 (Stat Ann 1954 Rev § 28.872), repealed in 1961, and re-
enacted by PA 1964, No 58 (CL 1948, § 764.13 [Stat Ann 1965

where such illegal detention was continued for the purpose of extracting a confession, and where during such detention defendant was denied even limited conference with his counsel, a confession obtained during such detention was thereby rendered involuntary, hence, inadmissible at defendant's trial. It is unnecessary to discuss extending the rule in *Hamilton* to confessional testimony of an accomplice, because nothing appears of record to show that Miller was illegally detained or, if so, that it was for the purpose of extracting a confession. We need go no further, inferring nothing as to the merits of the question.

Affirmed.

DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred with SMITH, J.

T. M. KAVANAGH, C. J., concurred in result.

Cum Supp § 28.871(1)]), and CL 1948, § 764.26 (Stat Ann 1954 Rev § 28.885).—REPORTER.