PEOPLE v. PAIGE

1. SEARCHES AND SEIZURES—MOTION TO SUPPRESS—APPEAL AND
ERROR.
An appellate court will not review the legality of a seizure if
the defendant failed to make a timely motion to suppress.

2. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR
CONVICTIONS.
Prior convictions of a defendant who takes the stand may be
used for impeachment purposes.

3. CRIMINAL LAW—EVIDENCE—DISPLAYING NON-ADMITTED EVIDENCE.
Allowing the prosecutor to display a shotgun that was later
refused admission into evidence in defendant's trial for assault
was not prejudicial where defendant admitted that the shotgun
looked like the one he had used and where the prosecutor did
not act in bad faith.

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 1 January
7, 1971, at Detroit. (Docket No. 9258.) Decided
April 1, 1971. Leave to appeal denied, 385 Mich
764.

Howard Paige was convicted of assault with
intent to do great bodily harm less than murder.
Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 425–427.
[2] 30 Am Jur 2d, Evidence § 1175.
    Permissibility of impeaching credibility of witness by showing
    former conviction, as affected by pendency of appeal from con-
    viction or motion for new trial.  16 ALR3d 726.
[3] 29 Am Jur 2d, Evidence §§ 1, 249, 251–257, 267.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Robert M. Hetcher,* for defendant on appeal.

Before: R. B. Burns, P. J., and J. H. Gillis and Danhof, JJ.

Per Curiam. After a jury trial the defendant was convicted of assault with intent to do great bodily harm less than the crime of murder. MCLA § 750.84 (Stat Ann 1962 Rev § 28.279). He now appeals contending that the trial court erred in denying his motion for new trial and his motion to vacate sentence.

The defendant's sentence was within the statutory maximum and will not be disturbed on appeal. *People* v. *Vandenboss* (1970), 25 Mich App 702.

The defendant contends that the trial court erred in admitting evidence which had been illegally seized. The defendant did not make a timely motion to suppress and, therefore, this issue is not properly before us. *People* v. *Heibel* (1943), 305 Mich 710; *People* v. *Ferguson* (1965), 376 Mich 90; *People* v. *Wilson* (1967), 8 Mich App 651.

The defendant contends that it was error to allow the prosecution to make use of his record of previous convictions. The defendant took the stand, and, therefore, it was proper to allow him to be cross-examined about his prior convictions for the purpose of testing his credibility. *People* v. *Cybulski* (1968), 11 Mich App 244.

The defendant's final contention is that the trial court erred in allowing the prosecution to display

a shotgun to the jury. During the trial the prosecution attempted to introduce a shotgun into evidence. The shotgun was not admitted because the witnesses were unable to identify it as the weapon used in the commission of the crime. The defendant, who contended that he acted in self-defense, admitted that he had used a shotgun that looked like the gun produced by the prosecution. There is no indication of bad faith on the part of the prosecution, and on this record we cannot find that the display of the gun was prejudicial.

Affirmed.