PEOPLE v DAVIS

PEOPLE v PITTS

1. SEARCHES AND SEIZURES—CRIMINAL LAW—EVIDENCE—MOTIONS TO
   SUPPRESS.

   The illegality of the seizure of evidence in a criminal case must
   be raised in advance of trial by a motion to suppress where the
   facts constituting such illegality are known before trial.

2. CRIMINAL LAW—PRESENTENCE REPORTS—DISCLOSURES—DISCRETION
   —COURT RULES.

   Disclosure to defendant's counsel of a presentence report in a
   criminal case was within the court's discretion prior to Septem-
   ber 1, 1973, the effective date of a sub-rule requiring trial
   judges to permit the defendant's attorney and the defendant to
   inspect the presentence report (GCR 1963, 785.12).

Appeal from Genesee, Ollie B. Bivins, Jr., J.
Submitted Division 2 December 11, 1973, at Lans-
ing. (Docket Nos. 16712, 16790.) Decided March 6,
1974. Leave to appeal denied, 391 Mich 826.

Gilbert Davis and John H. Pitts were convicted
of armed robbery. Defendants appeal. Cases consol-
idated. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 425–427.
   68 Am Jur 2d, Searches and Seizures §§ 127–129.
   Modern status of rule governing admissibility of evidence obtained
   by unlawful search or seizure. 50 ALR2d 531.
[2] 21 Am Jur 2d, Criminal Law §§ 303, 324, 337, 584, 585.
   Defendant's right to disclosure of presentence report. 40 ALR3d
   681.

Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Jon T. Warren,* for defendant Gilbert Davis.

*Milliken & Magee* (by *Richard E. Yuille),* for defendant John H. Pitts.

Before: J. H. GILLIS, P. J., and R. B. BURNS and R. H. CAMPBELL,* JJ.

R. B. BURNS, J. Defendants were convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797. Each defendant appeals separately but the two cases were consolidated by order of this Court for hearing and decision.

Both defendants contend that the trial judge erred in refusing to suspend the trial for purposes of holding evidentiary hearings as to the admissibility of a weapon taken from the automobile in which defendants were apprehended. The evidence presented at trial in this cause discloses that defendants and their counsel knew well in advance of trial that a weapon had been seized from the automobile at the time of their arrest. The long established rule in Michigan with respect to the suppression of evidence is that the illegality of the seizure of evidence, where the facts constituting such illegality are known before trial, must first be raised by a motion to suppress in advance of trial. *People v Ferguson,* 376 Mich 90; 135 NW2d 357 (1965); *People v Smith,* 19 Mich App 359; 172 NW2d 902 (1969).

Defendant Pitts next contends that he was deprived of a fair trial when one of plaintiff's witnesses exposed money contained in a sack to the view of the jury, which was later not allowed into

---

* Circuit judge, sitting on the Court of Appeals by assignment.

evidence by the court. Such contention is without merit. Defendant did not object or request a curative instruction or a mistrial. Therefore, the issue is not preserved for appeal.

Defendant Pitts' next assignment of error is to the admission of a photograph of the lineup in which the complaining witness identified him. He contends that a proper foundation was not laid for the admission of the photograph. The assignment of error is without merit as a review of the record discloses that all the requisites for proper foundation were present. *People v Heading,* 39 Mich App 126; 197 NW2d 325 (1972).

Both defendants contend that the trial court's rejection of appellate counsel's request for disclosure of the contents of the presentence report was error and an abuse of discretion.

The Supreme Court adopted a sub-rule (.12) to GCR 1963, 785 on June 28, 1973, effective September 1, 1973, requiring trial judges to permit the defendant's attorney and the defendant to inspect the presentence report. Defendants' request to inspect the report was prior to the effective date of the rule.

At the time defendants' counsel requested that they be permitted to inspect the presentence report, the disclosure of the report was in the discretion of the trial judge. *People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971). The trial judge did not abuse his discretion.

Affirmed.

All concurred.