PEOPLE *v.* WOODS.

1. CRIMINAL LAW—AUTHORIZATION FOR ISSUANCE OF WARRANT—FILING.

Failure to file prosecuting attorney's authorization for issuance of warrant with the circuit court *held,* not reversible error, where warrant had been authorized and filed with clerk of the municipal court (CL 1948, § 766.15).

2. SAME—RES GESTAE WITNESSES—FAILURE TO PRODUCE—CUMULATIVE TESTIMONY.

Failure of prosecution to have 4 of the 6 *res gestae* witnesses indorsed on information present at trial in which defendant was convicted of second-degree murder *held,* not reversible error, where it appears the police officer had spent an 8-hour shift attempting to locate the witnesses but failed to find 4 of them, and defendant did not object to admission of un-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 390.
[2] 21 Am Jur 2d, Criminal Law § 328.
[3] 53 Am Jur, Trial § 281.
   20 Am Jur, Evidence §§ 532–537.

served subpoenas in evidence nor ask for a continuance, and their testimony at preliminary examination indicates that only the testimony of 1 would have been pertinent and it was cumulative.

3. SAME—CONFESSIONS—VOLUNTARINESS—NEW TRIAL.

Accused who was convicted of second-degree murder after a trial in which jury was permitted to determine issue as to voluntariness of his alleged confession, is granted a hearing in the trial court upon such issue, determination by the trial court to be made on a separate record and defendant being accorded the right to testify on such issue without waiving his right to decline to take the stand on trial in chief; a new trial being granted if the trial court determines the confession to have been involuntary, but trial previously had sufficing to afford constitutional due process if confession is determined to have been voluntary.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted Division 3 June 7, 1966, at Grand Rapids. (Docket No. 1,014.) Decided December 8, 1966. Rehearing denied January 19, 1967. Leave to appeal denied by Supreme Court March 29, 1967. See 379 Mich 757.

Lee Woods was convicted of second degree murder. Defendant appeals. Remanded for determination of voluntariness of confession on a separate record, with new trial if confession is determined to have been made involuntarily, otherwise to stand affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Harry J. Creager,* Assistant Prosecuting Attorney, for the people.

*Edward M. Yampolsky,* for defendant.

BURNS, J. The appellant was convicted and sentenced for the crime of second degree murder.*

---

.* CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

On October 28, 1963, the appellant was involved in an argument over a dice game with one Allie James. Appellant left the house where the dice game was in progress, went to his automobile and returned with a shotgun. There was testimony the appellant pointed the gun at Allie James, but shot and killed a woman named Minnie Denton. The appellant testified that Minnie Denton tried to grab the gun from him and it went off accidentally.

The appellant surrendered to the police and made a statement at police headquarters which was admitted in evidence.

At the preliminary examination in the municipal court for the city of Benton Harbor, it was shown that the following persons were present at the house where the dice game took place, and each testified and gave his address as follows: Lloyd Davis, 179 Bond street; Tommy Rodriguez, 452 Eighth street; John Reese, 116 Bond street; Betty Wheeler, South Brunson avenue; Allie James, 577 Ninth street; and John Lewis, 179 Bond street. However, only Allie James and John Lewis testified at the trial.

Allie James was declared a material witness and being unable to furnish bond was held in jail until the time of trial. The prosecuting attorney prepared subpoenas for the above witnesses on December 23, 1963, to appear in court on January 7, 1964, and gave the subpoenas to officer Harry Lenardson to serve.

Officer Lenardson testified that he attempted to serve Davis, Rodriguez, Reese and Wheeler on the 26th day of December, 1963, but could not locate them. The attorney for the defendant cross-examined the officer but did not object to the admission of the subpoenas in evidence, nor did he ask for a continuance to locate said witnesses.

Appellant has appealed his conviction on 3 grounds: 1, the trial court erred in advising de-

fendant's counsel that the voluntariness of the defendant's confession was a jury question; 2, the prosecutor breached his duty in failing to call all eyewitnesses to testify at the trial; 3, the circuit court file did not contain a copy of the prosecutor's authorization for the issuance of the warrant by the municipal judge.

We shall discuss the alleged errors in reverse order.

The appellant does not claim that the prosecutor did not authorize the issuance of the warrant, but that it is error not to have such authorization in the circuit court file. The authorization was in the municipal court file. CL 1948, § 766.15 (Stat Ann 1954 Rev § 28.933) states:

"All examinations and recognizances taken by any magistrate pursuant to any of the provisions of this chapter, shall be forthwith certified and returned by him to the clerk of the court before which the party charged is bound to appear."

It may be more convenient on occasions for the authorization to be filed with the circuit court, but the statute does not require such action by the municipal judge, and the failure to file such authorization with the circuit court is not reversible error.

The failure of the prosecutor to have in court at the time of the trial all witnesses who were present at the dice game, is not as glaring a defect as it would appear at first impression. The record indicates the prosecutor prepared subpoenas and placed them in the hands of a police officer 2 weeks prior to the trial. The police officer testified he spent one 8-hour shift attempting to locate the witnesses, but failed to find 4 persons. He located John Lewis who testified at the trial. Possibly the police officer could have been more diligent in his attempt to locate the missing witnesses. It must be remembered, how-

ever, that the prosecutor did declare one witness, Allie James, to be a material witness, and he was confined to custody, being unable to furnish bond.

As to the 4 missing witnesses, a review of their testimony in the municipal court shows that only one, Lloyd Davis, could have added anything to the trial, and his testimony would have been cumulative to the testimony of Allie James and John Lewis. He had testified that he heard the defendant say, "Give me my money," and that he saw the defendant come through the door with a shotgun and when the gun went off he saw Minnie Denton fall.

Tommy Rodriguez testified at the preliminary examination, "I don't remember anything because I got drunk and passed out." Johnny Reese testified, "I didn't see anything because I left." Betty Wheeler denied any knowledge of the events of the day.

This case is distinguishable from *People* v. *Zabijak* (1938), 285 Mich 164, where Edward Conley, a police officer at the time of the homicide as well as at the time of the trial some 16 years later, was indorsed on the information as a witness. The prosecutor announced in court that Conley was in Ohio and in response to the defendant's counsel, stated Conley could return by the next morning during the trial of the case, but he never appeared as a witness. The defendant originally had been found insane, not capable of assisting in his own defense, and was confined to the State hospital for the criminal insane for 15 years. Later a sanity commission concluded that he was sane, and he was tried for the offense of first-degree murder. Conley had made a report one month prior to the killing that he believed the defendant to be insane. Thus, his testimony would have had a great significance to the defense, and the Supreme Court granted a new trial.

We think the present case is more in point with *People* v. *Gibson* (1931), 253 Mich 476, where the Court stated on pages 478 and 479:

"In the instant case the prosecutor made a showing which we think the trial judge was justified in accepting.  *  *  *  While defendant claimed to be surprised by the nonappearance of these witnesses whose names were indorsed on the information, no application for a continuance was made. We think the rights of the accused were fully protected and no error committed."

In our present case the appellant did not object to the admissions of the unserved subpoenas into evidence, nor did he ask for a continuance. The failure of the prosecutor to have the witnesses present under these circumstances was not reversible error.

As to the trial court's ruling that the voluntariness of the confession was for the jury's determination, we can only say in fairness to the trial judge, this trial occurred prior to the decision of *People* v. *Walker* (1965, on rehearing), 374 Mich 331, wherein the Supreme Court said that this was not the jury's province. In compliance with the rule laid down in *Walker,* we hereby release our jurisdiction of the cause and direct the circuit court to assume jurisdiction to make a determination upon a separate record upon the issue of voluntariness of the confession only. At this hearing we hold the defendant may take the stand and testify for the limited purpose of making a record of his version of the facts and circumstances under which the confession was obtained.

We hold further that by so doing defendant does not waive his right to decline to take the stand on trial in chief, or retrial if ordered. Neither does

he waive any of the other rights stemming from his choice not to testify.

The circuit court is hereby required to determine the issue of the voluntariness of the confession.

If the trial judge, on the basis of the separate hearing and record made, determines that the confession was involuntarily given, defendant will thereupon be granted a new trial. Contrariwise, if he determines the confession was voluntarily given, and thus admissible in evidence, defendant will have had a trial affording him his constitutional due process.

Accordingly, the case is remanded to the circuit court for further proceedings as herein directed.

HOLBROOK, P. J., and HOFFIUS, J., concurred.