PEOPLE *v.* WILSON.

1. APPEAL AND ERROR—SEARCH AND SEIZURE.

Legitimate state interest in barring appellate review exists where no objection was made at trial as to the legality of a search and seizure, as the appellate court thus would be presented with insufficient evidence on the record to enable it to make a fair decision.

2. SAME—QUESTIONS REVIEWABLE—OBJECTIONS.

Objections not raised during trial and passed upon by the trial court will not be heard by an appellate court for the first time.

3. SEARCHES AND SEIZURES—MOTIONS TO SUPPRESS.

A defendant with knowledge before trial of facts constituting an alleged illegal search and seizure has the responsibility of communicating them to his attorney who then has the responsibility of moving to suppress in advance of trial.

4. CRIMINAL LAW—ANONYMOUS INFORMER.

Assistance of an anonymous informer in narrowing the search for a criminal is certainly not to be *per se* denied the police department.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  5 Am Jur 2d, Appeal and Error § 545.
[3]  29 Am Jur 2d, Evidence §§ 425, 426.
[4]  21 Am Jur 2d, Criminal Law § 332; 58 Am Jur, Witnesses § 534.
[5]  5 Am Jur 2d, Arrest §§ 24, 32.
[6, 7]  5 Am Jur 2d, Arrest § 46.
[8]  5 Am Jur 2d, Appeal and Error § 553.
[9, 11]  16 Am Jur 2d, Constitutional Law § 395 *et seq.*; 21 Am Jur 2d, Criminal Law § 313.
Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.
Comment Note.—Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.
[10]  21 Am Jur 2d, Criminal Law § 309 *et seq.*
[12, 13]  5 Am Jur 2d, Arrest §§ 7–17.

5. Same—Arrest Without Warrant.

Reasonable cause for arrest is required before the peace officer may arrest without a warrant (CL 1948, § 764.15).

6. Same—Reasonable Cause—Arrest Without Warrant.

Arresting solely on the basis of an anonymous tip does not provide the officer with reasonable cause to act without a warrant; however, when the officer has additional information, he may proceed with the arrest subject to review of his actions by the court considering the facts of the particular case.

7. Same—Arrest Without Warrant.

Descriptions of an assailant given to police officers by the victims of an obvious felony are reliable information, when combined with an anonymous tip, to enable the officers to arrest defendant without a warrant.

8. Appeal and Error—Evidence—Objections.

Court of Appeals is bound to consider clothes legally obtained and admitted as evidence, where defendant did not object to methods used by the police to obtain the clothes.

9. Criminal Law—Right to Counsel at Lineup—Retroactive Application of Precedent.

Right of criminal suspect to be represented by counsel at lineup, decided to be constitutional right by Supreme Court of the United States on June 12, 1967, is not to be given retroactive application to cases in the appellate process on that date, by virtue of another decision rendered by the court on the same day.

10. Same—Fair Trial—Right to Counsel.

A defendant is *per se* denied a fair trial, where he is denied counsel throughout the trial or on appeal.

11. Constitutional Law—Prospective Application of Precedent—Right to Counsel at Lineup.

Prospective application is to be given to the rule announced by the Supreme Court of the United States that defendants are entitled to the presence of counsel at all critical stages of the pretrial proceeding, including the "identification parade."

12. Criminal Law—Courts—Authorization for Issuance of Warrant.

Prosecutor's original authorization for receiving of the complaint and the issuance of the warrant by the magistrate

is not required to be passed on to the circuit court for inclusion in its records, and the fact that it is not present there is not prejudicial to appellant, charged with crime (CL 1948, §§ 774.4, 766.15).

13. SAME—AUTHORIZATION FOR ISSUANCE OF WARRANT.·
   Failure of municipal judge to file prosecuting attorney's authorization for issuance of warrant with the circuit court is not reversible error (CL 1948, § 766.15).

Appeal from Berrien; Hadsell (Philip A.), J. Submitted Division 3 December 7, 1966, at Grand Rapids. (Docket No. 917.) Decided December 4, 1967.

George Wilson, Jr. was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Harry J. Creager,* Assistant Prosecuting Attorney, for the people.

*Dalton G. Seymour* and *Edward M. Yampolsky,* for defendant.

FITZGERALD, J. Defendant has been granted leave to appeal to this Court from the denial of a number of motions made by his counsel to the Berrien county circuit court for a new trial, a writ of habeas corpus, and subpoenas at the expense of the people.

Defendant was tried and convicted on April 24, 1958, of robbery armed and sentenced to serve a term of 30 to 50 years in prison. The facts leading to the conviction, and the procedures involved in his arrest and identification, provide the grounds for this appeal.

At midnight on February 21, 1958, 2 student teachers were attacked and robbed of $72 by a man on a street in downtown Benton Harbor. The screams of the students finally frightened the man away. On the basis of an anonymous phone call, and from the descriptions furnished by the 2 students, defendant was arrested without a warrant at his home the next night. At the police station, defendant informed the investigating officers that the clothes he had worn the previous night were at his home, and he was returned to his home in the company of police, where the officers seized a hat, coat, and pants. Detectives later also took a pair of shoes from defendant's home. There was no evidence of consent by defendant to either search and seizure.

Forced to don these clothes, plus a handkerchief over his face, defendant was identified through a two-way mirror by one student as being her assailant. He was then interrogated for 2 more days without counsel and arraigned on February 25, with counsel being present. An information was issued on March 14 following the preliminary examination, and defendant was bound over for trial. On April 22, 1958, the night before his trial, defendant was placed in a lineup for purposes of identification, without counsel being present, and was identified by the other student, with the first student also being present. Defendant, a lightly pigmented Negro, alleges that the other men in the lineup were all darkly pigmented Negroes, thus distinguishing defendant's appearance.

Defendant was found guilty by the jury of armed robbery and was sentenced on June 6, 1958. A number of procedural actions were then taken by defendant over the next 7 years and will be summarized as follows, with the decision of the court being given:

October 22, 1958—Delayed motion to
vacate judgment, set aside sentence,
and for new trial on 11 grounds.     *Denied*

January 22, 1959—Petition for appoint-
ment of counsel to assist in appeal
to Supreme Court of Michigan.     *Denied*

April 27, 1959—Application for leave to
appeal to Supreme Court of Mich-
igan.     *Denied*

May 11, 1959—Petition for appointment
of counsel to assist in appeal to
Supreme Court of Michigan.     *Denied*

November 9, 1959—Petition for writ of
certiorari to the United States Su-
preme Court.     *Denied*

January 19, 1962—Delayed motion for
new trial in Berrien county circuit
court on 3 grounds.     *Denied*

August 16, 1962—Application for leave
to appeal to Supreme Court of Mich-
igan.     *Denied*

October 14, 1963—Petition for writ of
certiorari to the United States Su-
preme Court.     *Denied*

August 26, 1964—Petition for appoint-
ment of counsel to assist in motions
and appeals.     *Granted*

December 8, 1964—Delayed motion for
new trial in Berrien county circuit
court, motion for writ of habeas
corpus, and motion for subpoenas at
the expense of the people.     *Denied*

July 16, 1965—application for delayed
appeal to the Court of Appeals of
the State of Michigan.     *Granted*

A number of issues are presented on appeal to
this Court and will be consolidated and condensed
as follows:

(1) Was defendant illegally arrested, was his home illegally searched, and were his clothes illegally seized?

(2) Should the identification of defendant by the 2 students at his trial have been excluded from consideration by the jury because the identifications were first made after forcing defendant to:

(a) put on the particular clothes;
(b) appear in a lineup without having counsel present?

(3) Should the record contain a copy of the prosecutor's authorization for the issuance of the warrant?

It must be noted at the outset that counsel for defendant did not make a motion to suppress the introduction of the clothing as being the fruit of an illegal search at any time prior to or during defendant's trial. Thus, we are first asked to determine whether we may hear the constitutional issue of illegal search and seizure. Defendant contends that the case of *Henry* v. *Mississippi* (1965), 379 US 443 (85 S Ct 564, 13 L ed 2d 408) should apply, the Supreme Court of the United States stating:

"A procedural default which is held to bar challenge to a conviction in State courts, even on Federal constitutional grounds, prevents implementation of the Federal right."

Also, see *Fay* v. *Noia* (1963), 372 US 391 (83 S Ct 822, 9 L ed 2d 837), where the Supreme Court released a defendant on habeas corpus proceedings, concerning an illegally obtained confession, despite defendant's failure to appeal within the time permitted by the laws of the State of New York, that court stating:

"A defendant by committing a procedural default may be debarred from challenging his conviction in the State courts even on Federal constitutional grounds. But a forfeiture of remedies does not legitimize the unconstitutional conduct by which his conviction was procured. * * * Nor does a state court's finding of waiver bar independent determination of the question by the Federal courts on habeas, for waiver affecting Federal rights is a Federal question."

Thus, according to defendant, the fact that timely objection was not made under the requirements of the Michigan law, GCR 1963, 507.5, *People v. Robinson* (1955), 344 Mich 353, should not bar our consideration of a Federal constitutional right as he would have review on the issue in the Federal courts, if the state appellate courts denied review. However, the Court in the *Henry Case* also states that the State procedural rule may bar further consideration of the constitutional issue when the legitimate state interest in the particular procedure can be said to be overriding. We cite the language of the *Henry* decision at 379 US 447 (85 S Ct at 567, 13 L ed 2d at 413):

"A litigant's procedural defaults in State proceedings do not prevent vindication of his Federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate State interest. In every case we must inquire whether the enforcement of a procedural forfeiture serves such a State interest."

In the present case, this Court will take the same action and will find that there is a legitimate State interest in barring appellate review where no objection was made as to the legality of the search and seizure, as the appellate court thus would be presented with insufficient evidence on the record to

enable it to make a fair decision. In addition, we have stated in the case of *People* v. *Bradley* (1966), 4 Mich App 660, that:

(1) Objections not raised during trial and passed upon by the trial court will not be heard by an appellate court for the first time. *People* v. *Jury* (1966), 3 Mich App 427.

(2) A defendant with knowledge of facts constituting an alleged illegal search and seizure before trial has the responsibility of communicating same to his attorney who then has the responsibility of moving to suppress in advance of trial. *People* v. *Ferguson* (1965), 376 Mich 90, 95, citing the holding in *People* v. *Bass* (1926), 235 Mich 588.

Defendant's contention that the issue was raised at a post-trial proceeding will not alter our finding that he knew of the seizure prior to the trial and that he is charged with the responsibility of relaying that knowledge to his attorney.

Thus, we do not consider further the issue of the search and seizure. We will decide whether the arrest of defendant was proper, such arrest being made, without a warrant, on the basis of descriptions given by the victims and a telephone call by an informant who remains anonymous.

The assistance of an anonymous informer in narrowing the search for a criminal is certainly not to be *per se* denied the police department. Reasonable cause for arrest is required before the peace officer may arrest without a warrant. CL 1948, § 764.15 (Stat Ann 1954 Rev § 28.874). Arresting solely on the basis of an anonymous tip does not provide the officer with reasonable cause to act without a warrant. *People* v. *Zeigler* (1960), 358 Mich 355. However, when the officer has additional information, he may proceed with the arrest subject to review of his actions by the court considering the facts of the particular case. *Wong Sun* v.

*United States* (1963), 371 US 471 (83 S Ct 407, 9
L ed 2d 441). For more recent amplification, see
*People* v. *Wolfe* (1967), 5 Mich App 543. We find
that the descriptions of the assailant given the police
officers by the victims of the obvious felony are
reliable information, when combined with the anon-
ymous tip, to enable the officers to arrest defendant
without a warrant. See *People* v. *Guertins* (1923),
224 Mich 8.

We have disposed of defendant's contention that
the clothing which he was forced to wear was ille-
gally seized. However, defendant also would have
us find that the identification of him by the first
student, when he was involuntarily dressed in that
clothing, should not have been admitted at the
trial, as it was the result of a violation of his right
against self-incrimination. It must be remembered
that defendant did not object to the methods used
by the police to obtain the clothes, so we are bound
to consider them to be legally obtained and admitted
on this appeal. *People* v. *Robinson, supra,* cited by
this Court in *People* v. *Jury, supra.*

Both parties to this appeal direct us to the an-
notation of law found at 18 ALR2d 796, concern-
ing any pretrial requirement that accused wear
particular apparel. As we find the clothing had
been properly admitted as evidence, in the absence
of objection, we also find that there is no invasion
of defendant's constitutional privilege, when he, or
his counsel, also failed to object to the identification
made by the student at the trial, which resulted
from the pretrial occurrences concerning defend-
ant's appearance before her dressed in the clothing.
See *People* v. *Cammarata* (1932), 257 Mich 60, and
the dicta in *Schmerber* v. *California* (1966), 384 US
757 (86 S Ct 1826, 16 L ed 2d 908).

Defendant states that his constitutional rights
were violated in that his attorney was not present

during the lineup the night before his trial when the second student identified him. We will follow the recently announced decision of the United States Supreme Court on this point, as stated in the case of *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L ed 2d 1149), wherein the Court announced that defendants are entitled to the presence of counsel at all critical stages of the pretrial proceedings, including the "identification parade".

The Supreme Court has decided that considerable prejudice to a defendant may result from this procedure in that he may be placed with other men who are flagrantly dissimilar to him in appearance, thus emphasizing a factor which would unduly influence the observer to make an identification which could be erroneous. The possibility of such suggestive influence upon the witness is fraught with opportunities for overreaching and unfairness, and the Court would not distinguish whether the police procedure in the particular case was in fact unintentional. The fact that a great injustice could be done to the defendant in such a case when counsel is not present is illustrated by the following language of the Court (at p 235):

"Insofar as the accused's conviction may rest on a courtroom identification in fact the fruit of a suspect pretrial identification which the accused is helpless to subject to effective scrutiny at trial, the accused is deprived of that right of cross-examination which is an essential safeguard to his right to confront the witnesses against him. *Pointer* v. *Texas,* 380 US 400 (85 S Ct 1065, 13 L ed 2d 923)."

However, defendant in the present case is not to be given relief in reliance on the *Wade* decision. On the same day, June 12, 1967, the Supreme Court of the United States also decided in the case of *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967,

18 L ed 2d 1199), that the *Wade* rule would not be given retroactive application, regardless of where other cases, such as the present case, were in the appellate process. The Court considered the particular effect which retroactive application would have on the purpose to be served by the new standard, the reliance on the old standards by police officers, and the impact on the administration of justice. *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L ed 2d 882). This case is distinguished from the retroactive application of other cases concerning the right to counsel, with the reasoning that in most convictions where lineups could be an issue, the procedure could have been done fairly, and that it would severely impede the administration of justice to require re-examination of all cases where the defendant was not represented by counsel at lineup. However, it is apparent that where defendant was denied counsel throughout the trial or on appeal, no further investigation is necessary to show that he was *per se* denied a fair trial. In addition, the Court finds that there was no forewarning of the present decision, and that there had been virtually unanimous reliance by the 50 States in conducting pretrial lineups without the presence of counsel. This defendant thus comes under the following language in the *Stovall Case* by the Supreme Court:

"Inequity arguably results from according the benefit of a new rule to the parties in the case in which it is announced but not to other litigants similarly situated in the trial or appellate process who have raised the same issue. But we regard the fact that the parties involved are chance beneficiaries as an insignificant cost for adherence to sound principles of decision-making."

This decision, and the *Wade* decision, *supra,* also reverses the Fifth Circuit Court of Appeals holding in *Wade* v. *United States* (CA 5, 1966), 358 F2d 557, which was relied on by this Court in the case of *People* v. *Camak* (1967), 5 Mich App 655, and *People* v. *Lloyd* (1967), 5 Mich App 717. This Court is now bound to consider the Supreme Court holding in *Wade* as being conclusive of the law on the issue of the presence of counsel at the lineup and the prospective application thereof as held in *Stovall, supra.*

Defendant's final contention is that the authorization signed by the prosecutor for receiving of the complaint and the issuance of the warrant by the magistrate should have been included in the record of the proceedings in the circuit court. Such an authorization is kept in the possession of the magistrate, and he issues a return to the circuit court, thereby giving that court jurisdiction. Defendant's argument is that if it is required to be in the possession of the municipal court in the case of misdemeanors (CL 1948, § 774.4 [Stat Ann 1954 Rev § 28.1195]),* then it certainly should be present in the circuit court in the case of felonies. The original authorization is not required to be passed on to the circuit court for inclusion in its records, and the fact that it is not present there is not prejudicial to appellant. CL 1948, § 766.15 (Stat Ann 1954 Rev § 28.933), states:

"All examinations and recognizances taken by any magistrate pursuant to any of the provisions of this chapter, shall be forthwith certified and returned by him to the clerk of the court before which the party charged is bound to appear."

---

* CL 1948, § 774.4 was amended by PA 1958, No 136, and by PA 1965, No 307.

We have recently held that the failure of the municipal judge to file the authorization with the circuit court is not reversible error. *People* v. *Woods* (1966), 5 Mich App 356.

Affirmed.

QUINN, P. J., and HOLBROOK, J., concurred.