PEOPLE *v.* COLLINS

1. CRIMINAL LAW—RIGHT TO COUNSEL—PROSPECTIVE APPLICATION..
   Right of criminal suspect to be represented by counsel at line-
   up, decided to be a constitutional right by the Supreme
   Court of the United States on June 12, 1967, is to be applied
   only to lineups occurring after that date.

2. SAME—APPEAL AND ERROR—EVIDENCE—MISSING WITNESS—DUE
   DILIGENCE.
   It is not error for the trial judge to excuse the nonproduction
   of a missing witness for the people, where the prosecutor has
   made a showing of due diligence in locating the witness.

Appeal from Recorder's Court of Detroit, Gillis
(Joseph A.), J. Submitted Division 1 December 17,
1968, at Detroit. (Docket No. 3,692.) Decided
December 31, 1968.

C. J. Collins was found guilty of unarmed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*Thomas B. Wells,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 313, 314.
[2] 58 Am Jur, Witnesses § 8.

Per Curiam.    Defendant was found guilty of un-
armed robbery (CL 1948, § 750.530 [Stat Ann 1954
Rev § 28.798]) on September 21, 1966, following a
nonjury trial before Recorder's Judge Joseph A.
Gillis.   The defendant's brief on appeal challenges
the admissibility of testimony relating to a lineup
identification on the grounds that he was not rep-
resented by counsel and the lineup was not con-
ducted with sufficient objectivity.    The brief also
contends that the trial court erred in excusing the
nonproduction of a missing witness whose name was
indorsed on the information.    The people have filed
a motion to dismiss or affirm (GCR 1963, 817.5).

The questions raised are so unsubstantial as to
need no argument or formal submission.    The right
to be represented by counsel at a police lineup ap-
plies only to lineups occurring subsequent to June
12, 1967, the date of *United States* v. *Wade* (1967),
388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149).    See
*Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967,
18 L Ed 2d 1199); *People* v. *Wilson* (1967), 8 Mich
App 651; *People* v. *Schrader* (1968), 10 Mich App
211.   The manner in which the lineup was conducted
in this case was not so unnecessarily suggestive
or conducive to irreparable mistaken identity as to
constitute a denial of due process.    *Stovall* v. *Denno,
supra,* 388 US 293, 302.    The trial court did not err
in excusing nonproduction of the missing witness
considering the showing of due diligence made.
*People* v. *Woods* (1966), 5 Mich App 356; *People* v.
*Kern* (1967), 6 Mich App 406.

Affirmed.

Levin, P. J., and T. G. Kavanagh and Quinn, JJ.,
concurred.