## PEOPLE v. REAVES

1. CRIMINAL LAW—RIGHT TO COUNSEL—PROSPECTIVE APPLICATION.

   Right of criminal suspect to be represented by counsel at line-up, decided to be a constitutional right by the Supreme Court of the United States on June 12, 1967, is to be applied only to lineups occurring after that date.

2. CRIMINAL LAW—WITNESSES—INDORSED WITNESSES—PRODUCTION —WAIVER.

   Failure of prosecutor to produce police detective as an indorsed witness did not deprive defendant of fair trial, where defendant expressly waived production of the witness.

3. ROBBERY—ARMED ROBBERY—INCLUDED OFFENSES—ATTEMPT—IN-STRUCTIONS TO JURY.

   Refusal to instruct the jury at defendant's trial for armed robbery that the offense of attempted armed robbery was an included offense was proper where there was evidence that there was a sufficient asportation so that the offense had passed the attempt stage (MCLA § 750.529).

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 January 7, 1970, at Detroit. (Docket No. 6,480.) Decided January 27, 1970.

Samuel Reaves was convicted of armed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 309, 313.
[2] 21 Am Jur 2d, Criminal Law § 344.
[3] 46 Am Jur, Robbery § 58.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*William J. Giovan (Kenneth A. Webb,* of counsel), for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. Defendant appeals from his jury conviction of armed robbery. MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). Four assignments of error are presented. Defendant's contention that the trial court erred in failing to apply the exclusionary rules enunciated in *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), is without merit. The lineup challenged by defendant in this case antedated the decision in *Wade.* As a result, defendant is not entitled to relief on the claim that the absence of counsel at the lineup violated his rights, since *Wade* is prospective only. *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 19 L Ed 2d 1199); *People* v. *Wilson* (1967), 8 Mich App 651; *People* v. *Collins* (1968), 15 Mich App 457.

Defendant also contends that the failure of the prosecution to call a police detective as a witness deprived defendant of a fair trial. The record reveals that the witness in question had been indorsed on the information by the prosecution. At trial, defendant expressly waived production of the witness. We find no error. *People* v. *Keys* (1968), 9 Mich App 482.

Defendant claims that the court below erred in refusing defendant's requested instruction regarding the offense of attempted robbery. A review of the trial transcript reveals that there was a total absence of evidence supporting a theory that defendant was guilty only of an attempted armed robbery. On the evidence presented, the offense had passed the attempt stage, since there was, contrary to defendant's contention, sufficient asportation. *People* v. *Royce Alexander* (1969), 17 Mich App 30. The trial court properly charged the jury regarding the included offense of assault with intent to rob while armed. The refusal to instruct the jury regarding attempted armed robbery was proper. *People* v. *Stevens* (1968), 9 Mich App 531. *Cf. People* v. *Giddens* (1969), 18 Mich App 588.

Finally, the evidence was sufficient, if believed, to sustain defendant's conviction. *People* v. *Royce Alexander* (1969), *supra*.

Affirmed.