## PEOPLE *v.* DE SMYTHER

1. WITNESSES—RES GESTAE—MOTION TO ENDORSE—DENIAL—APPEAL AND ERROR.

    Arresting police officers were not *res gestae* witnesses when they were called to a hospital to arrest defendant about two hours after a breaking and entering had occurred in another county where the record did not indicate that these officers had any knowledge of or connection with the charged offense; consequently, denial of defendant's motion to indorse them as additional *res gesate* witnesses was not error.

2. WITNESSES—RES GESTAE—DETERMINATION OF STATUS.

    Calling a witness a *res gestae* witness in a brief or argument does not make him one, because that determination is made from the facts.

3. CRIMINAL LAW—JURY—WITNESSES—CONFLICTING TESTIMONY—IDENTIFICATION OF DEFENDANT.

    Resolution of conflicting testimony of witnesses with respect to identification of a defendant is for a jury.

4. WITNESSES—NONRESPONSIVE ANSWER—MISTRIAL—INSTRUCTION TO DISREGARD.

    A voluntary and unresponsive answer of one witness relating to another witness did not cause reversible error where the trial court immediately ordered that answer stricken and instructed the jury to disregard it.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 March 6, 1970, at Detroit. (Docket No. 6,572.) Decided March 30, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 708 *et seq.*
[3] 53 Am Jur, Trial § 181.
[4] 53 Am Jur, Trial § 148.

Danny De Smyther was convicted of breaking and entering.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Thomas E. Ackerman,* for defendant.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM.  Defendant's jury trial resulted in his conviction of breaking and entering in violation of MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305).  He was sentenced and he appeals.  The substantiality of the appeal is demonstrated by defendant's first issue and certain facts of record.

Defendant first asks, "Was the court's denial of defendant's motion to endorse additional *res gestae* witnesses error?".  The record indicates that the alleged additional *"res gestae"* witnesses are two police officers from an adjoining community who were called to a hospital in that community to arrest defendant about two hours after the offense occurred.  The offense took place in Macomb County. The hospital where defendant was arrested was in Detroit and all arresting officers were Detroit policemen.  There is nothing in the record to indicate that the so-called *"res gestae"* witnesses had any knowledge of or connection with the offense other than as hereinbefore indicated.

Neither physically nor legally can one raise himself by his own bootstraps.  Calling a witness *"res gestae"* in brief or argument does not make that

witness *res gestae*. That determination is made from facts, and on this record, the alleged *"res gestae"* witnesses were not such.

At the close of the prosecution's case, defendant moved to dismiss. On appeal, he contends that denial of this motion was not only error, but it deprived him of due process contrary to US Const, Am 5. On the strength of a conflict in testimony relating to the identification of defendant, he now argues that the essential elements of the crime were not established, hence his motion should have been granted. The resolution of the conflicting testimony with respect to identification was for the jury, and the record contains ample evidence to establish all elements of the offense. The motion was properly denied.

During his examination by the prosecuting attorney, a police officer gave a voluntary and unresponsive answer relating to another witness. Defendant moved for mistrial, which was denied, but the court immediately ordered the answer stricken and instructed the jury to disregard it. The alleged error is no longer a reversible error on this record. *People* v. *Podsiad* (1940), 295 Mich 541.

There was ample evidence, if believed by the jury, to establish defendant's guilt beyond a reasonable doubt.

Affirmed.