PEOPLE *v.* WILLIE WILLIAMS #1

1. SEARCHES AND SEIZURES—EVIDENCE—ILLEGALITY—KNOWLEDGE—
   MOTIONS—MOTION TO SUPPRESS—TIMELINESS.

   Illegality of seizure of evidence must be raised by a motion
   to suppress and where the facts constituting such illegality
   are known to a defendant before trial the defendant is re-
   sponsible for communicating that knowledge to his attorney
   who is responsible for moving to suppress in advance of trial.

2. SEARCHES AND SEIZURES—EVIDENCE—ILLEGALITY—KNOWLEDGE—
   MOTIONS—MOTION TO SUPPRESS—TIMELINESS—WAIVER.

   Tools missing from the gas station of the complaining witness
   were properly admitted into evidence over defendant's objec-
   tion where defendant was clearly aware of all the facts sur-
   rounding his arrest and the search resulting in the seizure
   of such tools but made no motion to suppress before trial,
   consequently waiving the issue of illegal search and seizure.

Appeal from Recorder's Court of Detroit, John
P. O'Hara, J. Submitted Division 1 March 5, 1970,
at Detroit. (Docket No. 7,743.) Decided March 31,
1970. Leave to appeal denied June 12. 1970. 383
Mich 792.

Willie Williams was convicted of breaking and
entering a building in the nighttime and larceny
from a building. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 425, 426.
[2] 29 Am Jur 2d, Evidence § 425.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people on appeal.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. Defendant Willie Williams was convicted, following waiver of his right to jury trial, of breaking and entering a building in the nighttime (CL 1948, § 750.110 [Stat Ann 1962 Rev § 28.305])[1] and larceny from a building (MCLA § 750.360 [Stat Ann 1954 Rev § 28.592]). Following the denial of defendant's delayed motion for new trial, this Court granted defendant's application for delayed appeal.[2]

The sole issue raised on appeal by defendant is whether several exhibits admitted at trial consisting of tools missing from the gas station of the complaining witness were obtained as a result of an illegal search and seizure, and whether their admission into evidence constituted reversible error.

Although defendant objected to the introduction of the exhibits at trial, no motion to suppress was made prior to trial. It has long been a well-established rule that the illegality of seizure of evidence, where the facts constituting such illegality are known before trial, must first be raised by a motion to suppress in advance of trial. Defendant may not raise the issue at trial for the first time. *People*

---

[1] See currently: MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

[2] By order dated October 2, 1969.

v. *Heibel* (1943), 305 Mich 710; *People* v. *Ferguson* (1965), 376 Mich 90; *People* v. *Wilson* (1967), 8 Mich App 651. A defendant with knowledge of facts constituting an alleged illegal search and seizure before trial has the responsibility of communicating same to his attorney who then has the responsibility of moving to suppress in advance of trial. *People* v. *Ferguson, supra; People* v. *Wilson, supra.* In the instant case defendant was clearly aware of all the facts surrounding his arrest and the search and seizure of the exhibits now complained of. As no motion to suppress was made prior to trial the issue of illegal search and seizure was waived.

Affirmed.