PEOPLE *v.* DRUMMONDS

1. CRIMINAL LAW—ARREST—ILLEGALITY.

An illegal arrest does not entitle a defendant to avoid all prosecution for the crime for which he was arrested.

2. CRIMINAL LAW—EVIDENCE—IDENTIFICATION—LINEUP.

Identification testimony of an eyewitness at a trial for armed robbery had a basis independent of a lineup conducted after defendant's illegal arrest where the witness had extensive opportunity to observe the defendant twice under suspicious circumstances on the day of the robbery.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 December 16, 1970, at Detroit. (Docket No. 9101.) Decided January 29, 1971.

Ronnie Drummonds was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Finch & Finch,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 116.
[2] 29 Am Jur 2d, Evidence §§ 367, 372.

Before: V. J. Brennan, P. J., and J. H. Gillis and Jeannette,* JJ.

Per Curiam. Defendant appeals from his conviction after trial by jury of the crime of robbery armed. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). Defendant was identified by an eyewitness as one of the three men who perpetrated the offense in question.

Testimony at trial revealed that the police did not have probable cause to arrest defendant at the time he was arrested. Consequently, the trial court, on defense counsel's motion, suppressed all evidence seized from the defendant at the time of his arrest. On appeal, defendant argues that this was insufficient remedy for the illegal procedure employed by the police; instead all proceedings should have been rendered void when the trial court concluded his arrest was illegal and he should have been immediately released from custody. We decline to adopt this position.

"Conceding that the arrest was illegal does not lead to the conclusion that all proceedings subsequent thereto are void.

" 'That a defendant's arrest was without a warrant or was illegal, cannot be considered at the trial, where it was followed by a complaint and warrant on which the defendant was held for trial, or, where the defendant was regularly bound over to the circuit court for trial. Even though an arrest is irregular, the defendant is not thereby given the right to say that he shall not be tried at all.' Gillespie, Michigan Criminal Law and Procedure, § 225, citing *People* v. *Miller* (1925), 235 Mich 340; *People* v. *Payment* (1896), 109 Mich 553." *People* v. *Nawrocki* (1967), 6 Mich App 46, 53, 54.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant claims that the identification testimony of an eyewitness should also have been suppressed as the product of his illegal arrest. We note initially that this issue was not properly preserved for appellate review by timely objection below. *People* v. *Wilson* (1967), 8 Mich App 651; *People* v. *Lunsford* (1969), 20 Mich App 325; *People* v. *Willie Williams* (1970), 23 Mich App 129. In addition, the eyewitness's extensive opportunity to observe defendant twice under suspicious circumstances on the day of the robbery convinces us that the witness's identification at trial had a basis independent of the lineup defendant finds objectionable. *People* v. *Hutton* (1970), 21 Mich App 312; *Wong Sun* v. *United States* (1963), 371 US 471, 488 (83 S Ct 407, 417, 9 L Ed 2d 441). See, also, *People* v. *Hall* (1970), 24 Mich App 509.

Affirmed.