PEOPLE v. GEORGE MARTIN

1. Searches and Seizures—Motion to Suppress—Timeliness.

The illegality of the seizure of evidence must be made before trial in a motion to suppress where the defendant knows of the facts constituting the illegal seizure; the illegality of a search and seizure may not even be raised for the first time at trial.

2. Searches and Seizures—Motion to Suppress—Timeliness—Waiver of Illegality.

Illegality of search and seizure was waived where the defendant, who was clearly aware of all the facts surrounding his arrest and the questioned search and seizures, did not move to suppress the seized evidence before trial.

3. Criminal Law—Witnesses—Identification Testimony—Credibility—Question of Fact.

Resolution of conflicting testimony of witnesses regarding the identification of the defendant as the man who committed the crime charged is a question of fact; the trier of fact is the sole judge of the credibility of witnesses in a criminal case.

4. Criminal Law—New Trial—Evidence.

New trial was properly denied a defendant convicted of armed robbery where the record contained ample evidence to establish all the elements of the offense charged and sufficient testimony identifying the defendant as a participant in the crime charged.

---

References for Points in Headnotes

[1, 2] 53 Am Jur, Trial § 134.
[3] 29 Am Jur 2d, Evidence §§ 371–373.
[4] 39 Am Jur, New Trial § 139.

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 February 2, 1971, at Grand Rapids. (Docket No. 9056.) Decided March 24, 1971. Leave to appeal denied August 18, 1971, 385 Mich 782.

George C. Martin was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George E. Thick, II,* Prosecuting Attorney, and *Duane T. van Benschoten,* Assistant Prosecuting Attorney, for the people.

*Heilman, Purcell, Tunison & Cline* (by *Miles J. Purcell*), for defendant on appeal.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

FITZGERALD, P. J. Defendant's jury trial resulted in his conviction of armed robbery[1] and his sentence of from 20 to 30 years in the State Prison for Southern Michigan. Defendant's delayed motion for new trial was denied and he appeals. Two issues are raised on appeal: (1) illegal search of the car in which defendant was riding when arrested and illegal seizure of items in the car; (2) denial of defendant's delayed motion for new trial on grounds of conflicting testimony of witnesses who identified defendant.

Defendant knew of the facts constituting the alleged illegal search and seizure before trial, but no motion to suppress evidence was made before trial. Defendant did not object at trial to the introduction of evidence which he now claims was obtained

---

[1] MCLA § 750.529 (Stat Ann 1954 Rev § 28.797).

through illegal search and seizure. In Michigan, the rule is that the illegality of the seizure of evidence, where the facts constituting such illegality are known before trial, must first be raised by a motion to suppress in advance of trial. Defendant may not even raise the issue at trial for the first time. *People* v. *Bass* (1926), 235 Mich 588; *People* v. *Heibel* (1943), 305 Mich 710; *People* v. *Ferguson* (1965), 376 Mich 90; *People* v. *Wilson* (1967), 8 Mich App 651; *People* v. *Childers* (1969), 20 Mich App 639; *People* v. *Kennedy* (1970), 22 Mich App 524; *People* v. *Willie Williams #1* (1970), 23 Mich App 129.

Where a defendant has knowledge of facts constituting an illegal search and seizure before trial, he has the responsibility of communicating those facts to his attorney, who then has the responsibility of moving to suppress in advance of trial. *People* v. *Ferguson, supra; People* v. *Wilson, supra.* In this case, the defendant was clearly aware of all the facts surrounding his arrest and the search and seizure of the evidence now complained of. Since no motion to suppress was made prior to trial, the issue of illegal search and seizure was waived. *People* v. *Williams, supra.*

Although there was some conflict among the witnesses as to the identification of the defendant, there was positive identification by a number of witnesses that defendant was the man who carried the shotgun during the holdup. Defendant made no objection at trial to the conflict among the witnesses as to his identification.

This issue is one of the credibility of the witnesses. Resolution of conflicting testimony of witnesses with respect to identification of the defendant is for the jury. *People* v. *De Smyther* (1970), 23 Mich App 48. A defendant in a criminal

case who fails to raise objections to improper admission of identification testimony at trial may not raise them for the first time on appeal, and the Court of Appeals will not consider them except to avoid clear injustice. *People* v. *Schram* (1970), 23 Mich App 91. The jury is the sole judge of the credibility of the witnesses in a criminal case. *People* v. *Gray* (1970), 23 Mich App 139. In this case, the record contains ample evidence to establish all the elements of the offense and there was sufficient identification testimony to support the jury's finding that the defendant was the man carrying the shotgun. In such a case a motion for a new trial is properly denied. *People* v. *Paugh* (1949), 324 Mich 108.

The test in a criminal case is not whether there was some irregularity but whether or not the defendant had a fair trial. *People* v. *Mosley* (1953), 338 Mich 559. The record in this case does not disclose any miscarriage of justice.

Affirmed.

All concurred.