PEOPLE v JACKSON

JACKSON v PEOPLE

1. CONSTITUTIONAL LAW—DUE PROCESS—COURT RULES.

A general court rule promulgated by the Supreme Court can supply procedural due process to statutes lacking it.

2. INFANTS—JUVENILE COURT—JURISDICTION—WAIVER—CONSTITUTIONAL LAW—COURT RULES.

Waiver of jurisdiction of the juvenile court pursuant to the general court rule governing waiver proceedings is constitutional (JCR 1969, 11).

3. CRIMINAL LAW—DUE PROCESS—LINEUPS—RIGHT TO COUNSEL—APPOINTED COUNSEL.

The presence of a court-appointed attorney at a showup satisfies the requirements of due process even where the preliminary hearing was postponed for the purpose of allowing the accused to retain counsel and the showup took place during the interim but before the accused had retained counsel.

4. ARREST—PROBABLE CAUSE.

Possession by the police of a composite drawing of a person who had attacked several elderly women, the fact that the defendant closely resembled the composite drawing and wore clothes similar to those worn by the assailant, the fact that the defendant lived within close walking distance of all the victims, and a police investigation of defendant's reputation with neighbors, gave probable cause for defendant's arrest for commission of a series of robberies and assaults.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 220 *et seq.*
[2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 21.
[3] 21 Am Jur 2d, Criminal Law §§ 313, 314.
[4] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[5] 5 Am Jur 2d, Arrest §§ 116, 117.
[6] 29 Am Jur 2d, Evidence § 326.
[7] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 49.

5. Criminal Law—Constitutional Law—Arrest—Prosecution.

A defendant is not entitled to avoid prosecution for the crime for which he was arrested even though the arrest was illegal, and the illegality cannot be considered at the trial where arrest was followed by a complaint and warrant on which the defendant was held for trial or where the defendant was regularly bound over to the circuit court for trial.

6. Criminal Law—Evidence—Admissibility—Similar Crimes.

Evidence of separate and strikingly similar crimes is properly admissible against a defendant when it tends to show a scheme, plan, or system in performing those acts; evidence of other crimes was properly admitted where each crime occurred in the late afternoon, uninvited entries were followed by assaults with sexual overtones, all the offenses were perpetrated against elderly women, and all victims resided in the same general neighborhood.

7. Criminal Law—Evidence—Identification—Juvenile Court.

Allowing a witness to offer an identification made first at a juvenile hearing on a charge that was subsequently dismissed was not error; the intent of the statute proscribing the use of evidence given in juvenile cases was not violated by allowing a witness to again make an identification (MCLA 712A.23).

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 October 3, 1972, at Detroit. (Docket No. 11298.) Decided April 26, 1973.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 October 3, 1972, at Detroit. (Docket No. 11837.) Decided April 26, 1973.

Charles Jackson, a minor, was arrested and taken to the youth home. Jurisdiction of the juvenile court was waived by the probate court allowing the accused to be tried as an adult and he was transferred to the county jail. From this decision, Charles Jackson, and Adis Jackson and Sara Jackson, Charles' parents, appealed to the circuit court and filed motions for Charles' release and for a stay of Recorder's Court proceedings pending ap-

peal. Motions denied. Charles Jackson, Adis Jackson, and Sara Jackson appeal. Issue not considered, being moot. (Docket No. 11298.)

Charles Jackson was convicted of unarmed robbery. Defendant appeals. Affirmed. (Docket No. 11837.)

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Nedelman & August,* for Charles Jackson, Adis Jackson, and Sara Jackson.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

J. H. GILLIS, J. Defendant, Charles Jackson, was convicted by a jury of unarmed robbery, MCLA 750.530; MSA 28.798. He appeals.

A series of robberies and assaults were perpetrated against elderly women in one Detroit neighborhood for about a year prior to defendant's arrest. Nine complaints described a similar modus operandi, and victims of the several crimes were able to furnish police with a composite picture and general description of their attacker. The Detroit News secret witness program furnished many anonymous tips to police; defendant's name was one of those supplied.

Defendant, a juvenile, was arrested after police investigation and was conveyed to the Wayne County Youth Home. A preliminary hearing was scheduled, but was adjourned several days to allow

defendant's mother to retain counsel. During the interim, and before counsel was retained, a show-up was conducted at which a court-appointed attorney was present.

At the outset, we consider the waiver of jurisdiction of juvenile court proper, even in light of the decision in *People v Fields,* 388 Mich 66 (1972).

In *Fields,* the contested waiver of jurisdiction occurred in 1968, *before* the adoption of JCR 1969, 11. The Supreme Court, in *Fields,* held MCLA 712A.4; MSA 27.3178(598.4), the then current statute permitting certain juveniles to be tried as adults, unconstitutional. The issue there was one of procedural due process, since the Court questioned not whether jurisdiction *could* be waived, but *how* it was to be effectuated since the questioned statute failed to set standards for the determination of jurisdictional waiver in any particular case.

Juvenile court jurisdiction of this defendant was waived *after* the Supreme Court promulgation of JCR 1969, 11. The significance of that court rule cannot be denied.

As stated in *Perin v Peuler,* 373 Mich 531, 540, 541 (1964):

"Not until recent years has this Court paused for reflection upon its constitutional position vis-a-vis the legislative branch when that branch assumes to enact *rules of practice and procedure,* which rules include, of course, the rules of evidence.

*        *        *

"The function of enacting and amending judicial rules of practice and procedure has been committed exclusively to this Court. (Const 1908, art 7, § 5; Const 1963, art 6, § 5); a function with *which the legislature may not meddle or interfere * * * ."* (Emphasis supplied.)

The full force and effect of such doctrine can best be shown by the language in *Wilkins v Ann Arbor City Clerk,* 385 Mich 670, 679 (1971), where resident students challenged portions of the election law on due process grounds. The Supreme Court found the statute lacking in procedural due process and stated:

" * * * if this were the only infirmity of the statute, *we could correct this defect by issuing guidelines consistent with the Constitution.* "(Emphasis supplied.)

Thus, when the Supreme Court, in 1969, undertook to write the Juvenile Court Rules, it assumed its power to govern rules of practice, procedure, and evidence. Specifically, JCR 1969, 11, provides, in waiver hearings, the criteria for waiver, notice of hearing, right to counsel and access to social reports pursuant to the now settled requirements of procedural due process announced in *Green v United States,* 113 US App DC 348; 308 F2d 303 (1962), and *Kent v United States,* 383 US 541; 86 S Ct 1045; 16 L Ed 2d 84 (1966).

Accordingly, the exception to exclusive jurisdiction[1] in juvenile court is given effect by reference to the Juvenile Court Rules, which as well as other *general* court rules have the force of law. *Perin v Peuler, supra.*

---

[1] Const 1963, art 6, § 15, provides probate courts have jurisdiction over juvenile offenders "except as otherwise provided by law".

We note that MCLA 712A.4; MSA 27.3178(598.4) was an amendment to prior provisions of the Juvenile Code. Prior to 1946 the law *required mandatory waiver of jurisdiction* of 15 and 16 year old juveniles accused of crimes carrying a penalty of five years or more. 1939 PA 288; 1944 PA 54. If a statutory amendment is declared unconstitutional, it is treated as a nullity and the law remains as it was before the abortive attempt to amend. *Eberle v Michigan,* 232 US 700; 34 S Ct 464; 58 L Ed 803 (1914); *People v Smith,* 246 Mich 393 (1929); *In re Petition of Hendricks,* 248 Mich 124 (1929). Thus, *People v Fields,* 388 Mich 66 (1972), does not destroy the power of juvenile courts to waive jurisdiction of certain offenders.

We are not unmindful of the language in *People v Fields, supra,* 76, to the effect that

" * * * a statute, invalid for want of standards according to the constitutional rule * * * [cannot] be validated by any rule of Court which, although in itself well within the constitutional powers of the Court, undertakes to supply what the statute does not."

Close analysis of the cases cited in *Fields* in support of that proposition reveals that language to apply to situations where either nonjudicial authorities are sought to be sanctioned by the judicial decision-making process, or local court rules are announced intending to correct defects in statutory rules. For instance, in *Rassner v Federal Collateral Society, Inc,* 299 Mich 206, 213 (1941), a case cited in *Fields,* every indication is that *a general court rule* can supply missing due process:

"Neither are we aware of any provision of general statute law or court rule which might be read into [the instant statute] which would cover the giving of such notice and opportunity for hearing."

Consequently, we read *Fields* as valid authority for the proposition that local attempts to supply due process to deficient statutory grants of power are ineffectual. However, we cannot conceive that our Supreme Court promulgated JCR 1969, 11, out of folly. Therefore, we hold jurisdiction of defendant was properly waived pursuant to that general court rule.

We next consider defendant's objections to the showup conducted in the absence of *retained* counsel. *United States v Clark,* 346 F Supp 428 (ED Pa, 1972), approved a substitution of counsel at a lineup. The police had in good faith postponed the lineup to contact defendant's retained attorney,

and made other efforts to insure his presence. While circumstances do not and could not reflect such efforts by police in the instant case, since counsel had yet to be retained by defendant, we recognize that *United States v Wade,* 388 US 218, 236–237; 87 S Ct 1926, 1937–1938; 18 L Ed 2d 1149, 1162–1163 (1967), contemplates circumstances when substitute counsel could be used to prevent the course of justice from being obstructed. *United States v Clark, supra. United States v Randolph,* 143 US App DC 314; 443 F2d 729 (1970), held that substitute counsel satisfied the requirements of *Wade,* where a lawyer for a legal aid agency served as a general representative to represent defendants otherwise unrepresented for purposes of lineups. Appointed counsel here satisfied due process requirements.

Defendant next argues that identification testimony is an inadmissible product of an illegal arrest. See *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963). We disagree. Probable cause for defendant's arrest existed at the time. Police had a composite drawing of the attacker furnished by victims. Defendant closely resembled the composite drawing, wore clothing similar to that worn by assailant (although such clothing could well be described as a uniform for like-age boys—levis, levi jacket, and tennis shoes), and lived within close walking distance of all the victims. Police interviewed neighbors in an effort to learn something of defendant's reputation. These facts and circumstances support the existence of probable cause for defendant's arrest. *Cf. People v Wilson,* 8 Mich App 651 (1967); *People v Jordan,* 34 Mich App 360 (1971), *cert den* 406 US 908; 92 S Ct 1616; 31 L Ed 2d 818 (1972). All information possessed by the police would warrant

a belief by a person of reasonable prudence and caution that defendant had committed a felony. *People v Harper,* 365 Mich 494, 501 (1962).

Even assuming defendant's arrest was illegal, defendant is not entitled to avoid all prosecution for the crime for which he was arrested. As stated in *People v Nawrocki,* 6 Mich App 46, 53–54 (1967):

"Conceding that the arrest was illegal does not lead to the conclusion that all proceedings subsequent thereto are void.

" 'That a defendant's arrest was without a warrant or was illegal, cannot be considered at the trial, where it was followed by a complaint and warrant on which the defendant was held for trial, or, where the defendant was regularly bound over to the circuit court for trial. Even though an arrest is irregular, the defendant is not thereby given the right to say that he shall not be tried at all.' Gillespie, Michigan Criminal Law and Procedure, § 225, citing *People v Miller,* 235 Mich 340 (1926); *People v Payment,* 109 Mich 553 (1896)."

The identification made by the complainant was shown to be the product of her extensive opportunity to observe the defendant at the time of the offense and as such, had an independent bases. *Cf. People v Drummonds,* 30 Mich App 275, 277 (1971).

Defendant argues that testimony of other victims of similar crimes was improperly admitted. The trial judge cautioned the jury prior to and after receipt of the testimony, and again during the instructions, that the testimony was admitted not to establish guilt or innocence of the crime charged by showing defendant committed other crimes, but to corroborate identification of the complaining witness, by showing a common plan

or scheme pursuant to MCLA 768.27; MSA 28.1050.[2]

In *People v Kelly,* 386 Mich 330 (1971), our Supreme Court held that evidence of separate and strikingly similar crimes is properly admissible against a defendant charged with rape and armed robbery when it tends to show a scheme, plan, or system in performing those acts. In the instant case, evidence of other crimes was properly admitted. The circumstances were strikingly similar. Each crime occurred in the late afternoon. Uninvited entries were followed by assaults with sexual overtones. All offenses were perpetrated against elderly women and all victims resided in the same general neighborhood.

The trial judge carefully circumscribed admission of the testimony, explaining its limited purposes. We find he properly exercised his discretion. *People v Shaw,* 9 Mich App 558 (1968).

Defendant contends it was error to allow one witness to offer an identification made first at a juvenile hearing on a charge that subsequently had been dismissed.

MCLA 712A.23; MSA 27.3178(598.23), states:

"A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter."

---

[2] "In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

*People v Hammond,* 27 Mich App 490, 494 (1970), states:

> *"It is our conclusion that the intent of the statute is to proscribe the actual testimony taken at the juvenile proceedings.* It is not meant to preclude the physical evidence, nor is it meant to exclude a witness who testified at the juvenile proceedings from testifying on the same subject matter at a subsequent trial for the same offense. *What is forbidden is the use of testimonial evidence from the juvenile hearing either as substantive evidence or to impeach at a subsequent trial."* (Emphasis supplied.)

The intent of the statute was not violated by allowing the witness to again make identification.

Defendant's assertions of improper argument to the jury do not merit reversal.

In *Adis Jackson, Sara Jackson and Charles Jackson v People,* Docket No. 11298, a separate case upon which we granted leave to appeal and which was thereafter consolidated with this matter, the issue raised was whether, during pendency of the criminal charges, defendant should be held in the custody of juvenile authorities or in the Wayne County jail. We consider this issue to be moot.

Affirmed.

All concurred.